IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

**FILED**

JAN 0 2 2014

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 04-87-BLG-DLC |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION |
| RONALD EDWARD SMITH, | |
| Defendant. | |

On December 27, 2013, Defendant Ronald Smith moved the Court to enforce the terms of the Amended Judgment entered in this case on September 25, 2009 (Doc. 660). Smith is a federal prisoner proceeding pro se.

Smith asserts that United States District Judge Richard F. Cebull awarded him credit for time served and ordered that the calculation of his sentence should commence on June 24, 2004, the date of his arrest on the federal indictment. *See* Resentencing Hr'g Tr. (Doc. 667) at 19:11-20:6. He asks the Court to enforce Judge Cebull's order.[1]

Judge Cebull's statements at the hearing did not and could not mean what

---

[1] Smith has previously sought credit for time served between June 24, 2004, and March 22, 2006. Mot. (Doc. 805). Judge Cebull denied the motion. Order (Doc. 809).

1

Smith takes them to mean. The face page of the Presentence Report merely shows the number of days a defendant has been in custody since his arrest on the federal charges at issue. It does not and cannot show the amount of time for which a defendant will necessarily receive credit against his sentence. Only the Bureau of Prisons may determine what credit is due for time served in custody prior to imposition of a federal sentence. A federal judge simply does not have the authority to decree credit for time served. *United States v. Wilson*, 503 U.S. 329, 333 (1992); 18 U.S.C. § 3585(b).

Smith was in custody at Montana State Prison when he was arrested on the federal indictment. Order (Doc. 20); Presentence Report ¶¶ 151-152. He was serving state sentences throughout the time he spent in custody between his federal arrest on June 24, 2004, and his original federal sentencing on March 22, 2006, *see* Minutes (Doc. 490). He is not entitled to credit against his federal sentence for that time. 18 U.S.C. § 3585(b). The Bureau of Prisons has given Smith credit for time he spent in jail between September 23, 2003, and April 30, 2004, because Smith did not receive credit against his state sentences for that time. Castillo Memo at 1 (Doc. at 817-1 at 4); Feather Memo at 1 (Doc. 817-1 at 5).

The BOP's calculation does not violate the terms of the Amended Judgment of September 25, 2009 (Doc. 660).

2

Accordingly, IT IS HEREBY ORDERED that Smith's motion (Doc. 817) is

DENIED.

DATED this 2ⁿᵈ day of January, 2014.

Dana L. Christensen
United States District Court