IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
JUN 16 2014
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>RONALD E. SMITH,<br><br>Defendant/Movant. | Cause No. CR 04-87-BLG-SPW<br>CV 14-76-BLG-SPW<br><br>ORDER DENYING MOTION AND<br>DENYING CERTIFICATE OF<br>APPEALABILITY |

On June 12, 2014, Defendant Ronald E. Smith filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Smith is a federal prisoner proceeding with Robert L. Stephens as counsel.

An Amended Judgment was entered in this matter on September 25, 2009. On February 5, 2013, Smith filed a motion under § 2255 in a collateral attack against that judgment. Mot. § 2255 (Doc. 805). He sought credit for time served. On the grounds that he is not entitled to that credit, the motion and a certificate of appealability were denied on April 17, 2013. Order (Doc. 809). Smith did not appeal.

The Court of Appeals has not authorized Smith to file a second § 2255 motion in this Court. *See* 28 U.S.C. § 2255(h). The motion must be dismissed for lack of jurisdiction. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

The Court notes that, in addition to his first motion under 28 U.S.C. § 2255,

1

Smith has filed other motions to attempt to obtain the credit he believes to be due for time served. Each motion has been denied. *See* Mot. to Am. Judgment (Doc. 779); Order (Doc. 780); Mot. for Reconsideration (Doc. 800); Order (Doc. 801); Mot. to Enforce Judgment (Doc. 817); Order (Doc. 818). Finally, *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013), does not apply to Smith's case. The minimum and maximum statutory penalties were set by Smith's guilty plea. The findings made at sentencing "affected neither the statutory maximum sentence nor any mandatory minimum sentence; thus, neither *Apprendi* nor *Alleyne v. United States* is implicated." *United States v. Vallejos*, 742 F.3d 902, 906-07 (9th Cir. 2014) (citing *Alleyne*, 133 S. Ct. at 2163, and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

A certificate of appealability is denied because disposition of the motion is clearly controlled by *Burton*. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, Smith makes no showing that he has been deprived of a constitutional right. 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Smith's § 2255 motion (Doc. 833) is DISMISSED for lack of jurisdiction.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Smith files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 14-76-BLG-SPW are terminated and shall close the civil file by entering a judgment of dismissal.

DATED this _16th_ day of June, 2014.

Susan P. Watters
United States District Court