

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

DEC 07 2020

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 04-87-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER |
| RONALD E. SMITH, | |
| Defendant. | |

Defendant Smith moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. He is currently serving a 240-month sentence for federal drug offenses. *See* Second Am. Judgment (Doc. 875); *see also* Am. Judgment (Doc. 660) (imposing 290-month sentence prior to "drugs minus two" guideline amendment). Smith's projected release date is November 13, 2022. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Nov. 30, 2020).

As of December 6, 2020, 301 inmates and one staff member at FCI Beaumont Low, Texas, where Smith is incarcerated, currently test positive for the virus or disease. Seven hundred nineteen inmates and four staff members have recovered. *See* Interactive Map, www.bop.gov/coronavirus (accessed Dec. 7,

1

2020).

Under 18 U.S.C. § 3582(c)(1)(A), any sentence reduction must be consistent with the corresponding policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018).[1] After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce Smith's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A). A defendant's medical condition may constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n.1(A). Smith must also show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Because § 3553(a) and § 3142(g) are similar, the Court considers them together under the second prong of the guideline.

Smith is 50 years old. He underwent chemotherapy beginning in 2015 for non-Hodgkin's lymphoma. The treatment succeeded and the condition is in remission. He was also diagnosed with a pneumothorax in 2019. It was resolved. Health concerns of the nature Smith has experienced are frightening and, in prison,

---

[1] The Court disregards the guideline's statements requiring a motion from the Director of the Bureau of Prisons because that requirement is now "contrary to the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984); 18 U.S.C. § 3582(c)(1)(A) (authorizing court to act "upon motion of the defendant"); First Step Act of 2018, Pub. L. No. 115-391, tit. VI, § 603(b)(1), 132 Stat. 5194, 5239 (Dec. 21, 2018); *United States v. Wong*, 2 F.3d 927, 929–30 (9th Cir. 1993).

very lonely. But, at least at this time, it is not known whether a history of cancer or pneumothorax plays any role in increasing risk of developing serious illness should one contract COVID-19. *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Dec. 7, 2020). Because Smith's conditions were successfully treated, the Court does not find that he currently stands at significantly greater risk of developing severe illness than other inmates. He does not meet the first prong of the guideline test.

Considering the second prong of the guideline, as well, Smith's case is not strong.[2] The sentencing judge departed upward from the advisory guideline range of 210 to 262 months. *See* Statement of Reasons (Doc. 661) at 5. Upward departures are not common in this District. As the Statement of Reasons reflects, a higher sentence was warranted due to Smith's "history of carrying concealed, loaded firearms and other weapons while engaged in criminal activity," *see* Presentence Report ¶¶ 144, 145, 147, 150; to his role as "the leading distributor in one of the largest drug conspiracies that ha[d] ever come before this Court," *see*

---

[2] Smith's original sentence was 360 months. It depended on an erroneous finding that he was a career offender. *See* Orders (Docs. 626, 628). The sentence was corrected from 360 months to 290 months. *See* Second Am. Judgment (Doc. 660) at 2. And, in 2015, Smith's sentence was reduced under the "drugs minus two" amendments, U.S.S.G. Amendments 782, 788, to 240 months, the statutory mandatory minimum.

3

Statement of Reasons at 5; Presentence Report ¶ 102; and to the fact that repeated leniency, in the form of suspended or partially suspended sentences or commitments to the Department of Corrections,[3] did not dissuade him from committing crimes, *see* Presentence Report ¶¶ 146, 151, 152. Smith also has a history of violating conditions of release or failing to appear, *see id.* ¶¶ 143, 144, 146, and using aggression or physical violence, *see id.* ¶¶ 148, 149; *see also, e.g.*, ¶¶ 155, 158, 159, 162 (dismissed charges of carrying weapons). Although Smith was 35 years old when he was originally sentenced, he had minimal work history. *See id.* ¶¶ 198–201. The Court does not have up-to-date information about Smith's conduct in prison, but the information it does have is not helpful to him. *See* Supp. Presentence Report ¶ 21 (listing seven disciplinary sanctions between Dec. 2006 and Apr. 2014); *see also* Presentence Report ¶ 165 (disciplinary write-ups in pretrial custody).

Smith appears to have good family support, *see* Letters (Doc. 960-1 at 7–8), and has made some use of his time in prison to acquire skills, *see* Program Review (Doc. 960-1 at 4–5). The Court hopes he will continue to look ahead and prepare to be a benefit to his family and community when he is released. As Smith says,

---

[3] Under Montana law, a DOC commitment gives the Department discretion to decide whether the offender should be placed in prison or released to supervision in the community.

he does not have to be the same person he was when he entered prison. But the Court can only look at the record. It does not provide support for reducing his sentence to time served. Releasing him early would denigrate the seriousness of his offense and fail to reflect his history and characteristics. *See* 18 U.S.C. § 3553(a)(1), (2). And, while the Court does not want Smith to come to any harm from COVID or from anything else, it cannot find that his past medical conditions amount to an extraordinary and compelling reason warranting his early release.

Accordingly, IT IS ORDERED that Smith's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 953, 960) is DENIED.

DATED this 7th day of December, 2020.

Susan P. Watters
United States District Court